UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT DANIEL REY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:10CV2382 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], and Movant's Supplementals. Pursuant to this Court's Order, the government has responded to the motion to vacate. On March 20, 2014, the Court conducted a hearing with respect to Movant's claim that he asked counsel to file a notice of appeal and that counsel did not do so. For the reasons set forth below, the Motion is denied.

### **Movant's Claims**

Movant makes the following claims in his Motion:

**Ground One**: Prosecutor failed to provide exculpatory evidence and suborned perjury, thereby denying Movant his due process rights;

**Ground Two:** Movant was subjected to false arrest, false imprisonment and unreasonable searches and seizures;

**Ground Three:** Ineffective assistance of Counsel.

**Ground Four:** The proceeding was structurally defective due to Court's denial of Petitioner's Sixth Amendment right to Self-Representation with Assistance of Counsel;

**Ground Five:** Movant was coerced into accepting an involuntary plea due to threats, duress, ineffective assistance of counsel and prosecutorial misconduct.

**Ground Six:** the Court proceeded without jurisdiction because the Charging Statute was not Generally Applicable and had no Legal Force or Effect on the General Public.

**Ground Seven:** the Court Proceeded to Adjudication without Jurisdiction by Failing to Establish an Interstate Nexus to Petitioner's Conduct.

## Facts and Background

On December 13, 2007, Movant was indicted by a federal grand jury which charged Movant with enticement of a minor to engage in sexual activity and knowingly attempting to threaten a police officer with the Maryland Heights Police Department by obtaining personal and private information about the Officer and stating to another person that he wanted to slit the throat of the officer with the intent to hinder, delay and prevent the communication to a special agent with the Federal Bureau of Investigation of information relating to the commission of the

offense in Count One. Movant plead guilty to Count I of the Indictment, pursuant to a written plea agreement on July 15, 2009. The Government agreed to dismiss Count II.

A presentence investigation report was prepared, as ordered by the Court.

The Court sentenced Movant to 120 months incarceration. Movant did not appeal his conviction, judgment or sentence.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for

the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of

counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Grounds One- Prosecutorial Misconduct**

Movant argues that the prosecutor herein committed misconduct by failing to produce exculpatory evidence and the subornation of perjury. The government assures the Court that all evidence it had was produced to Movant. Movant has produced no evidence that this is in any way untrue.

With respect to Movant's claim that the government suborned perjury, Detective Stough never informed Movant during the recorded conversations they had that she was a 31 year old police officer, therefore, there can be no perjury regarding this statement. Movant's ground one is denied.

**Grounds Two-False Arrest, False Imprisonment, Unreasonable Searches and Seizures**

Movant's Plea Agreement bars this claim. Movant agreed to waive all

rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255. This ground is not based on prosecutorial misconduct, nor ineffective assistance of counsel, and is therefore waived.

Likewise, in admitting the facts supporting the conviction in his guilty plea, Movant has foreclosed any claim of false arrest, false imprisonment and improper search and seizure claims. *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001). Ground Two is denied.

**Ground Three-Ineffective Assistance of Counsel**

Movant argues that counsel was ineffective because he coerced him into pleading guilty. This claim is without merit. The Plea Agreement and the hearing on Movant's plea establish that Movant was not coerced; he admitted the facts of the matter and advised the Court that he was fully satisfied with his attorney. Nothing in Movant's after the fact claim of coercion overcomes the contemporaneous admissions by Movant.

Movant claims counsel was ineffective for failing to obtain witnesses in his favor, to investigate, and to request exculpatory evidence. Movant's Plea Agreement and sworn statements belie this claim. Movant stated that he was fully satisfied with the representation received from counsel. He admitted to the Court

that he was fully satisfied with counsel.

Movant argues counsel failed to prepare for trial. There was no trial, therefore this argument is without merit.

Movant argues that counsel was ineffective in failing to file a notice of appeal when he asked him to do so. At the hearing, the Court heard testimony from Movant and his attorney. The Court heard an audio tape wherein Movant called his attorney on October 5, 2009 and left a message that, among other things, Movant was "going to need [him] to file an appeal." Counsel did not return the telephone call. Movant met with his attorney on October 9, 2009. Also on October 9, 2009, counsel filed a "Waiver of Right to Appeal" wherein he informed the Court that Defendant did not wish to file an appeal, in accordance with the Court's Local Rule 12.07(A). The Court observed the witnesses' demeanor and recollection of the events after sentencing. Considering the appeal waiver Movant agreed to in the plea agreement, and the filing of the waiver on October 9, 2009, which was subsequent to Movant's telephone call, , Movant's attempt to persuade the Court that he asked his lawyer to file a notice of appeal is unpersuasive.

Movant argues that counsel failed to provide legal papers to Movant for Post-Conviction Relief. This claim fails because it does not go to the issue of representation of Movant during the underlying criminal conviction.

Movant also argues counsel was ineffective for failing to obtain a psychiatric examinations. Again, Movant's representations to the Court through his Plea Agreement and sworn statement that he was fully satisfied with counsel foreclose these claims.

The claim that counsel was ineffective for failing to allow him to withdraw his guilty plea is meritless. Movant claims that counsel refused to allow him to speak at his "re-sentencing." There was no re-sentencing in Movant's criminal case before this Court. Moreover, if Movant is claiming that counsel refused to allow him to speak at his sentencing, the claim is incorrect. Movant was allowed to speak at his sentencing.

**Ground Four-Structurally Defective Proceedings**

Movant waived all rights to contest his conviction or sentence in any post-conviction proceeding, including a Section 2255 motion, except for prosecutorial misconduct or ineffective assistance of counsel. This claim is therefore barred.

**Ground Five-Involuntary Plea**

Movant claims he was coerced into pleading guilty. Any claim Movant has with respect to his state proceedings is irrelevant to this Motion.

Moreover, Movant's claim is contradicted by his Plea Agreement and his sworn statements during his plea. Movant admitted that no person had directly or

indirectly threatened or coerced him into doing or refraining from doing anything in connection with any aspect of his case, including pleading guilty. Movant's claim is without merit.

**Ground Six-Lack of Jurisdiction**

The Court agrees with the government that any claim Movant is making that the law under which he was convicted does not apply to him is meritless. Federal criminal law applies to anyone within the territorial jurisdiction of the United States. *United States v. Peterson*, 2009 WL 3062013 (D. Minn. 2009).

**Ground Seven-Lack of Interstate Nexus**

This ground fails. Use of the internet, a facility of interstate commerce, to commit the offense for which Movant plead guilty establishes a sufficient nexus to interstate commere to confer jurisdiction on the Court. *United States v. Helder*, 452 F.3d 751 (8th Cir. 2006). This basis for relief is denied.

## Conclusion

Based upon the foregoing analysis, Movant's claims fail to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], and the supplements thereto, are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 25th day of March, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE